FILED
 2009 Sep-21 PM 03:58
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ENJOY THE CITY, INC.,** | ) |
| | ) |
|  Plaintiff, | ) |
| | ) |
| vs. | )   Case Number 2:04-cv-2986-SLB |
| | ) |
| **QSP, INC.; READER'S DIGEST ASSOCIATION, INC.; TODD MILLS; WILL PRICE,** | ) ) ) |
| | ) |
|  **Defendants.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Alter or Amend. (Doc. 78.) On September 15, 2008, this court entered an Order granting defendants' Motion for Summary Judgment and dismissing plaintiff's claims. (Doc. 77.) Plaintiff has filed a Motion to Alter or Amend, which alleges a number of grounds for reversing this court's prior Order. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motion to Alter and/or Amend, (doc. 78), is due to be denied.

 The Eleventh Circuit has held:

> The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory or to give the moving party another "bite at the apple" by permitting the arguing of issues and procedures that could and should have been raised prior to judgment. Thus, it is not an abuse of the court's discretion to deny a Rule 59(e) motion that requests an amendment that relates to a matter that could have been raised before the judgment was entered. Moreover, the moving party will not prevail on a Rule 59(e) motion that introduces previously

unsubmitted evidence absent a showing that the evidence was unavailable at the time of the judgment.

*Mincey v. Head*, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000)(quoting *Bannister v. Armontrout*, 4 F.3d 1434, 1445 (8th Cir. 1993) and *In re Halko*, 203 B.R. 668, 671-72 (Bankr. N.D. Ill. 1996); citing *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997))(internal quotations and citations omitted).

Plaintiff takes issue with this court's determination of the facts, its statement of the applicable law; and the application of the facts to the law.[1]  However, each issue raised by

---

[1]Plaintiff argues that each and every one of its claims should not have been dismissed by the court.  Specifically, it raises the following grounds for reversing this court's previous order:
    1. The court made credibility determinations and drew inferences in favor of defendants. (Doc. 87 at 1-3.)

    2. The court erred in dismissing its breach of contract claim based on the Confidentiality Agreement because the Confidentiality Agreement is ambiguous and the court failed to consider certain evidence. (*Id*. at 3-9.)

    3. "The Court failed to consider and improperly discounted certain evidence Plaintiff offered," including:

        a. "Evidence regarding the future of the ETC-QSP relationship," (*id*. at 9);
        b. "Evidence of ETC's ability to work with QSP sales representatives after the DPA [Distribution Partnership Agreement] terminated," (*id*. at 10); and
        c. "Stanton's testimony regarding what she meant by her emails," (*id*. at 11).

    4. The court erroneously determined that QSP had no duty to tell plaintiff it was negotiating with plaintiff's competitor. (*Id*. at 12-15.)

plaintiff was either raised in its Response to defendants' Motion for Summary Judgment or could have been raised in its Response.  The court, therefore, declines to revisit its previous Memorandum Opinion and Order, which granted defendants' Motion for Summary Judgment and dismissed plaintiff's claims.[2]

**DONE**, this 21st day of September, 2009.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

5. The court erroneously found that promissory and equitable estoppel are not separate claims under Alabama law.  (*Id*. at 15-17.)

6. The court erroneously dismissed plaintiff's defamation because the Quizno's letter "said nothing about the true reasons the ETC-QSP relationship was terminated, and is an actionable mixed expression of opinion with undisclosed facts," (*id*. at 19), and the letter was "libel *per se*," (*id*. at 20).

7. The court erroneously dismissed plaintiff's non-payment claim because, contrary to the court's finding, the evidence supported a finding that defendant "Mills was authorized to make an agreement for selling coupon books on behalf of QSP." (*Id*. at 21.)

8. Defendants did not properly move to dismiss plaintiff's intentional interference with business relations claims; therefore, the court should not have dismissed these claims as abandoned.  (*Id*. at 23.)

[2]Although the court will not revisit its decision, it continues to believe that its decision to grant defendants' Motion for Summary Judgment was correct based on the parties' submissions, the evidence, and the applicable law.

3